UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **THE SELECT AT GASLIGHT SQUARE CONDOMINIUM,**<br>　　1706 16th Street, N.<br>　　Arlington, Virginia  22209<br><br>　　Plaintiff,<br><br>　　v.<br><br>**ERIE INSURANCE EXCHANGE,**<br>　　100 Erie Insurance Pl.<br>　　Erie, Pennsylvania  16530<br><br>**SERVE:**<br>　　James E. Weaver<br>　　Colonnade Corporate Center<br>　　2820 Electric Road<br>　　Suite 100<br>　　Roanoke, Virginia  24018-3550<br><br>　　Defendant | Case No. |

## COMPLAINT

Comes now the Plaintiff, The Select At Gaslight Square Condominium (hereinafter "the Association"), by and through the undersigned counsel, Whiteford, Taylor & Preston, LLP, and for their Complaint against Erie Insurance Exchange, hereby states as follows:

## PARTIES AND JURISDICTION

1.　　Plaintiff, The Select At Gaslight Square Condominium, is a condominium association located at 1701 16th Street, N., Arlington, Virginia  22209.

2.      The Association, pursuant to its Declaration and Bylaws, is responsible for the maintenance and repair of the building located at 1701 16th Street, N., Arlington, Virginia 22209 ("the Property").

3.      Defendant, Erie Insurance Exchange, is a Pennsylvania corporation licensed to issue insurance policies in the Commonwealth of Virginia.    Defendant has issued policies for the Association.

4.      This Court has jurisdiction to hear this matter because of the diversity of citizenship between the Plaintiff and Defendant, and because the amount in controversy exceeds $ 75,000.

5.      Venue is proper in this Court because the Association is located within Arlington County and the Defendant conducts business in this Division.

## STATEMENT OF FACTS

6.    Plaintiff incorporates Paragraphs 1 – 5, above, as if set forth herein.

7.    On July 8, 2019, the Metropolitan Washington Area experienced an unusually heavy amount of rainfall, resulting in flooding conditions throughout the region.

8.    As a result of that heavy rainfall, the rooftop curbs and mechanical shaft covers on the roof of the Property were overwhelmed.   Water flowed down from the roof through the ductwork into Units 311, 331 and 341 of the Association, causing significant damage to the ceilings, walls, floor and personal property of those units.

9.    The repair costs for these units exceeded $ 1,600.

10.   In addition, the unusually heavy run-off caused the municipal storm sewers outside the Property to overflow.

11.   Specifically, there is a manhole cover and storm sewer drain opening in the middle of 16th Street North, directly across from the entrance to the garage at the Property.

12.   Because of the heavy rainfall, the sewer system was overloaded and backed up, causing an overflow from that manhole cover.   Water flowed back out of the storm sewers and directly into the Property garage.

13.   The volume of water flowing into the Property garage was large enough to flood the elevator shafts, the bases of which are located in the garage.

14.  As a result of this sewer back-up, the elevators in the building were extensively damaged, requiring the Association to incur expensive repair and replacement costs.

15.  The repair costs for the elevators, elevator banks and the garage exceeded $118,000.

16.  Defendant has issued an "Ultrapack Plus Policy" to the Association, Policy No. Q971583445, with a Policy Period from May 10, 2019 to May 10, 2020 ("the Policy").

17.  The Policy specifically insures all "Fixtures, improvements and alterations comprising a part of the building" as well as "Building equipment and fixtures" from any "physical loss."

18.  The Policy covers any damage to the roof or to mechanical equipment on the roof covered by rain or flood conditions.

19.  The Policy does have an exclusion to coverage for damage "to the interior of the building or the contents by rain …unless the exterior of the building first sustains damage to its roof or walls by a peril insured against."

20.  The damage to Units 311, 331 and 341 were caused by water that infiltrated the building because of rain damage to the roof itself.   Thus, this particular damage to the interior of the building was caused "damage to its roof … by a peril insured against."   As such, the Policy provides coverage for the damage sustained to Units 311, 331 and 341.

21.    The Association also purchased from Defendant a separate "Sewer and Drain Back-up Coverage" Endorsement, which states that Defendant

> will cover buildings and business personal property and personal property of others on the premises ... caused by water or sewage which backs up through sewers or drains, or which enters into and overflows or is otherwise discharged from a sewer, drain, sump pump, sump pump well, or any other system designed to remove subsurface water which is drained from the foundation area."

22.    The damage to the elevators in the Property was caused directly by the back-up and overflow of water from the municipal storm sewers, and therefore was caused of "water or sewage which backs up through sewers or drains."  This damage, therefore, fell directly within the "Sewer and Drain Back-up Coverage" Endorsement.

23.    Pursuant to the Policy provisions, the Association promptly notified Defendant of the losses incurred on July 8, 2019.

24.    Defendant has denied coverage on these claims, and has refused to pay for any of the repair or replacement costs incurred by the Association.

## COUNT I – BREACH OF CONTRACT

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 24, as if set forth fully herein.

26. Plaintiff made a timely claim to Defendant under the Policy for all damages suffered by the Property on July 8, 2019.

27. Defendant has denied coverage, and has refused to pay for any of the repair or replacement costs incurred by the Association.

28. Defendant has materially breached its contractual duties under the Policy.

29. As a direct and proximate result of Defendant's material breach, the Association has suffered severe financial loss.

30. Under the provisions of the Policy, the Defendant is liable to the Association for that loss.

## COUNT II – DECLARATORY JUDGMENT

31. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 30, as if set forth fully herein.

32. The policy of insurance constitutes a binding and enforceable agreement between the parties.

33. Defendant has refused to abide by the terms of the insurance contract and has refused indemnification for covered losses.

34. An actual controversy exists between the parties as to whether coverage is available under the insurance policy.

6

35. Such controversy affects the substantive rights of the parties and will govern the future actions of the parties.

36. Declaratory relief is thus appropriate pursuant to 28 U.S. Code § 2201 *et seq.* as to the scope and coverage of the insurance policy and the rights and obligations of the parties thereunder.

## COUNT III – BAD FAITH REFUSAL TO PROVIDE COVERAGE

37. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 36, as if set forth fully herein.

38. The Policy provides coverage for the losses sustained by the Association on July 8, 2019.

39. Notwithstanding such coverage, Defendant acted arbitrarily and unreasonably in refusing to pay for the Association's damages.

40. Because of Defendant's unreasonable refusal to provide the coverage required under the Policy, the Association has been compelled to institute this litigation.

41. The Association is therefore entitled to recover its full costs and attorneys' fees incurred as a result of the Defendant's actions, pursuant to Va. Code § 38.2-209.

WHEREFORE, Plaintiff, The Select At Gaslight Square Condominium, respectfully requests that this Court issue a Declaratory Judgment that the losses suffered by the Association are, in fact, covered by the applicable insurance policy, enter judgment against Defendant, Erie Insurance Exchange, in the amount of $ 120,000, or such amount as to be proven at trial, and to award the Association its reasonable

attorney's fees, costs, pre-judgment and post-judgment interest, and any and all other relief which the Court deems just and proper.

Respectfully submitted,

**THE SELECT AT GASLIGHT SQUARE CONDOMINIUM**

By counsel,

_____
Thomas C. Mugavero, Esq. (Va. Bar No. 30214)
WHITEFORD, TAYLOR & PRESTON, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
(703) 280-9260 (voice)
(703) 280-9139 (facsimile)
tmugavero@wtplaw.com

*Counsel for The Select At Gaslight Square Condominium*